```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  1/13/2021
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
MARK RYAN,

                Plaintiff,

   -against-

BALLARD MARINE, LLC,
BALLARD MARINE CONSTRUCTION, LLC
TAPPAN ZEE CONSTRUCTORS, LLC
RESOLVE MARINE SERVICES, INC AND
RESOLVE MARINE GROUP, INC.,

                Defendants.
------------------------------------------------------------------X

Docket No. 7:20-cv-1889

## STIPULATED PROTECTIVE ORDER

WHEREAS the parties in this action may from time to time be required to produce documents or provide testimony; and

WHEREAS the parties in this action agree that certain documents[1], information and other things requested from the parties or from non-parties during discovery should be kept confidential in order to protect the legitimate business interests and privacy rights of the parties, non-parties and their respective business associates and further agree that such documents, information and things may be eligible for protection under Fed. R. Civ. P. 26(c); and

WHEREAS the parties have stipulated to and request that the Court enter this Stipulated Protective Order,

IT IS HEREBY ORDERED that the parties shall follow the procedures set forth below with respect to documents, information or other things received from any party or non-party:

---

[1] The term "document" shall be synonymous in meaning and equal in scope to the usage of that term in Rule 34(a)(1)(A) of the Federal Rules of Civil Procedure and shall include every writing and recording within the meaning given those terms in Rule 1001 of the Federal Rules of Evidence.

1.      **Proceedings and Form of Information Governed**

This Stipulated Protective Order shall govern any document, information or other thing furnished by any party or non-party (a "producing party") to any other party or non-party in connection with this action that is appropriately designated under the provisions of this Order. The form of information protected includes, but is not limited to, documents produced in discovery, responses to requests to produce documents or other things, responses to interrogatories, responses to requests for admissions, responses to subpoenas, deposition testimony and exhibits, and all copies, extracts, summaries, compilations, designations and portions thereof. This Order shall be binding on the parties hereto when signed regardless of whether or when the Court enters the Order hereon; however, nothing shall prevent a party from moving for an Order providing any of the additional protections available under Fed. R. Civ. P. 26(c) for good cause shown.

2.      **"Confidential Information" Defined**

The term "Confidential Information" is defined to mean: a) all documents and other things produced or otherwise disclosed by the parties in this action, including all copies thereof, where such items are designated "Confidential" in accordance with the procedures set forth in this Stipulated Protective Order; and b) all testimony given in this action by the parties, their officers, testifying experts, directors, agents, and/or employees, whether by deposition or otherwise, which a party to this action so designates in accordance with the procedures set forth in this Stipulated Protective Order, including all transcript copies thereof. Such designation shall be made only as to information that a party in good faith believes contains confidential information, trade secrets, or other confidential, sensitive, proprietary or competitive information

entitled to confidential treatment under Fed.R.Civ.P. 26(c)(1)(G).

    3.    **Designation of Information for Protection under This Order**

        (a)    **Method**

Confidential information in documentary or written form shall be designated as such either by marking each page of the document or writing as "CONFIDENTIAL" or by simply marking a CD, DVD, memory stick, external drive and/or similar electronic recording device as "CONFIDENTIAL," in which case all documents (including the pdf images thereof) contained on such CD, DVD, memory stick, external drive and/or similar electronic recording device and all printed copies thereof and/or therefrom will be deemed designated as "CONFIDENTIAL" and will constitute Confidential Information. For those documents or writings marked as "CONFIDENTIAL" the designation of "CONFIDENTIAL" shall be plainly legible on each page of each document, in a manner that will not interfere with the legibility of the document. In lieu of marking the original of the documents, the party may mark the copies that are produced or exchanged. Any document of a proprietary or trade secret nature which is inspected and not selected for copying by the inspecting party shall be deemed "CONFIDENTIAL."

        (b)    **Inadvertent Production**

If a party or nonparty, through inadvertence, produces or provides any Confidential Information without first labeling, marking or designating it as "CONFIDENTIAL" then the producing party may, within thirty days after the discovery of the inadvertent production, give written notice to the receiving party or parties that the document, thing, transcript or other information is "CONFIDENTIAL" and should be treated in accordance with the provisions of this Order. The receiving party or parties must treat such document, thing, transcript or other information accordingly from the date such notice is received. Disclosure of such document,

thing, transcript or other information prior to receipt of such notice to persons not authorized to receive it shall not be deemed a violation of this Stipulated Protective Order; however, those persons to whom disclosure was made are to be advised that the material disclosed was "CONFIDENTIAL" and must be treated in accordance with this Stipulated Protective Order.

**4.     Disclosure of "CONFIDENTIAL" Information**

Any information designated "CONFIDENTIAL" pursuant to this Stipulated Protective Order shall not be disclosed, to any person whatsoever other than: a) to the parties and their officers and employees, including in-house counsel; b) to each outside counsel for the parties (whether or not counsel of record herein); c) to members of the legal, paralegal, secretarial, or clerical staff of such counsel; d) to persons employed as expert consultants, but only if such expert consultant executes the agreement set forth in Exhibit A hereto; e) to the Court at any time; and f) to any other person agreed to by the parties in writing, or as the Court may direct. Agreements in the form of Exhibit A shall be maintained by the counsel obtaining such agreements.

**5.     Declarations by Persons Receiving Confidential Information and Disclosure to Experts**

Any information designated "CONFIDENTIAL" pursuant to this Stipulated Protective Order shall be held in confidence by each person to whom it is disclosed, shall be used by the person who receives such information only for the prosecution or defense of claims in this lawsuit, preparation for trial, trial, and any appeal of this action, and shall not be used by the receiver of the information for any other purpose. Prior to obtaining access to Confidential Information, each person other than the Court or the parties' counsel, which includes in-house counsel, outside counsel (whether or not counsel of record herein) and members of the legal, paralegal, secretarial, or clerical staff of such counsel to whom such information is disclosed,

shall execute the agreement set forth in Exhibit A hereto. Those agreements shall be maintained by the counsel obtaining such agreement.

6. **Use of Confidential Information**

Confidential Information shall be used by the receiving party and persons to whom it is disclosed (other than the Court and its staff) solely in preparation for trial, and any appellate proceeding concerning this action. Confidential Information shall not be used by such party or persons for any business or other purpose, unless agreed to in writing by the disclosing party or as authorized by further order of the Court. No person who is furnished Confidential Information shall disclose it to any person not entitled under this Stipulated Protective Order to receive it.

7. **Court Procedures**

Pleadings or other papers filed with or otherwise submitted to the Court that contain or annex Confidential Information shall be filed in sealed envelopes on which shall be endorsed the title and case number of this action, an indication of the nature of the contents of the sealed envelope or other container, the word "CONFIDENTIAL" and the following statement: "Filed Under Seal Pursuant To Protective Order." Any such pleadings or other papers shall not be filed or served electronically but, instead, shall be filed and served in accordance with the Clerk of Court's Sealed Record Filing Instructions. Any such pleading or other paper shall remain sealed during the pendency of this action, and at the final disposition of this action shall be returned by the Clerk of the Court to the party who filed same.

Any party seeking to use confidential information at a Court hearing shall have the burden of requesting that the references to confidential information be heard only in camera.

8. **Party's Own Information**

The restrictions on the use of Confidential Information established by this Order are applicable only to the use of Confidential Information received by a party from another party or from a non-party. Nothing herein shall be construed to limit or restrict a producing party's own use or disclosure of its own Confidential Information for any purpose.

**9.     Objections**

A party may object to any designation of Confidential Information under this Order. In such event, the following procedure shall be utilized:

(a)     The objecting party or person shall give counsel of record for the party asserting the protection written notice thereof, stating the reason therefor specifying the document by production number, information or other thing as to which such objection is made.

(b)     If the parties cannot reach agreement concerning the matter within five business days after delivery of the notice or such shorter time as the Court may allow, then the objecting party may file and serve a motion for an order of the Court to alter the designation pursuant to this Order as to such objected to document, information or thing. Such motions must be filed and served within ten business days after the expiration of the five business day period referred to previously. Any such motion shall be set for the earliest possible date on the Court's motion calendar and shall not be continued without the consent of all parties. The protections of this Order shall continue to apply to the objected to document, information or thing pending a decision by the Court.

**10.     Disclosure to Author or Addressee**

Nothing herein shall prohibit a party or its counsel, from disclosing any document designated as "CONFIDENTIAL" to the person who is the author, addressee or prior recipient of such document, and none of the provisions of this Order shall apply to any such disclosure.

**11.   Depositions**

Depositions may be designated by any party as "CONFIDENTIAL" in accordance with this Stipulated Protective Order by notifying the other parties in writing within fifteen (15) calendar days of receipt of the deposition transcript. Until that time has expired, every deposition transcript shall be considered Confidential Information in its entirety. In the event a party designates a deposition as "CONFIDENTIAL," the entire transcript shall be considered Confidential Information. Preferably, a party shall state its intention to so designate the transcript on the record at the deposition. The court reporter shall place "CONFIDENTIAL" on the cover of any deposition transcript so designated.

**12.   Subpoenas**

In the event any person or party subject to this Order having possession, custody or control of any Confidential Information receives a subpoena or other process or order to produce such information in a different proceeding or case, such person or party shall, within seven (7) calendar days of receipt of the subpoena or other process or order to produce, notify in writing the attorneys of record in this case of the party claiming such confidential treatment of the item, document or information sought by such subpoena or other process or order, shall furnish those attorneys of record in this case with a copy of said subpoena or other process or order, and shall provide reasonable cooperation with respect to any procedure to protect such information or matter as may be sought to be pursued by the party whose interests may be affected. If the party asserting confidentiality makes a motion to quash or modify such subpoena, process or order, unless otherwise ordered by a court of competent jurisdiction, there shall be no disclosure of the subject matter objected to pursuant to the subpoena, process or order until the court having

jurisdiction over the controversy has ruled upon the motion, and then only in accordance with the ruling so made. If no such motion is made despite a reasonable opportunity to do so, any person or party subject to this Order who receives any subpoena or other process or order in a different proceeding or case shall be entitled to comply with such subpoena process or order.

**13.    No Waiver**

Other than as specified herein, neither the taking of nor the failure to take any action to enforce the provisions of this Order, nor the failure to object to any designation or any such action or omission, shall constitute a waiver of any right to seek and obtain protection or relief in this action or any other action, retroactively or otherwise, including, but not limited to, the right to claim that any information is or is not proprietary to any party or non-party, is or is not entitled to protection under this Stipulated Protective Order or that such information does or does not embody trade secrets of any party or non-party or is not then subject to discovery pursuant to prior agreement of the parties. The procedures set forth herein shall not affect the rights of the parties to object to discovery on grounds other than those related to trade secrets or proprietary information claims, nor shall it relieve a party of the necessity of proper response to discovery devices. The execution of this agreement by any party shall not prevent such party from asserting any objections to any discovery request on the basis of relevancy or other grounds allowed pursuant to the Federal Rules of Civil Procedure.

**14.    No Probative Value**

This Stipulated Protective Order shall not abrogate or diminish any contractual, statutory or other legal obligation or right of any party or person with respect to any Confidential Information. The fact that information is designated "CONFIDENTIAL" under this Order shall not be deemed to be determinative of what a trier of fact may determine to be confidential or

proprietary and shall not be used against the party asserting or invoking the designation for any purpose. This Stipulated Protective Order is without prejudice to the right of any party or non-party to bring before the Court the question of: (i) whether any particular material is or is not confidential; (ii) whether any particular information or material is or is not entitled to a greater or lesser degree of protection than provided hereunder; or (iii) whether any particular information or material is or is not relevant to any issue of this case, or is or is not admissible, provided that in doing so the party complies with the procedures set forth in this Stipulated Protective Order. This Stipulated Protective Order shall not be admissible during the trial of this action, nor shall a jury be advised of such designation. The fact that any information is disclosed, used or produced in discovery or trial herein shall not be construed as an express or implied determination or admission that the information is deemed admissible, or may be offered in any action or proceeding before any court, jury, agency or tribunal for any purpose.

15. **Return of Information**

Within sixty days after the conclusion of this action, whether by judgment and exhaustion of all appeals or by settlement, all documents, information and other things made subject to this Stipulated Protective Order shall be (i) delivered to the party that furnished such Confidential Information or (ii) in lieu of delivery to the furnishing party, destroyed, in which event the receiving party, upon request, shall give written notice of such destruction to the producing party. The attorneys of record shall ensure that all the Confidential Information in the possession, custody or control of their clients, experts, consultants and others who received Confidential Information from those attorneys of record is also destroyed or returned to the party that furnished such Confidential Information. In no event shall a party, its experts, consultants or others who received Confidential Information retain a copy of the Confidential Information

produced to it. Notwithstanding the foregoing, counsel of record for this action may retain one copy of the production materials, all pleadings and motions filed with the Court and/or served upon counsel and may retain one copy of each transcript of any depositions taken in this action, including any exhibits referenced therein, provided, however, that access to Confidential Information contained in such pleadings, depositions and exhibits shall be limited to counsel of record for its own internal use and that such information shall not be provided to anyone without the express prior written permission of counsel of record for the producing party or pursuant to a Court Order.

16.    **Miscellaneous**

Nothing in this Order shall preclude any party to this action or their attorneys from:

(a)    Disclosing or using, in any manner or for any purpose, any information, documents or things obtained from a source other than discovery or to which a party has a right of access independent of discovery, unless the party is already bound by a separate agreement or order not to disclose such information, documents or things.

(b)    Disclosing or using, in any manner or for any purpose, any information, document or thing that is at the time of production or disclosure or subsequently becomes, through no wrongful act or failure to act on the part of the receiving party, generally available to the public through publication or otherwise or is already rightfully in the possession of the receiving party at the time of production.

17.    **Court's Jurisdiction, Choice of Law and Venue**

The Court retains jurisdiction to make such amendments, modifications, deletions and additions to this Order as the Court may from time to time deem appropriate. The provisions of this Order regarding the use and/or disclosure of Confidential Information shall survive the

termination or transfer of this action, and the Court shall retain Jurisdiction with respect to this Order.

The rights of the parties to this Stipulated Protective Order shall be governed by the laws of the State of New York without regard to any conflicts of law rules, and all legal actions involving this Stipulated Protective Order must be brought by any party hereto in the United States District Court for the Southern District of New York.

**18.    Execution**

This Stipulated Protective Order may be executed in counterparts, and upon the signature of all parties shall be valid and enforceable as a single, signed original. In addition, the parties represent and warrant that the persons executing this Stipulated Protective Order on their respective behalves have the authority to do so and each signatory of this Stipulated Protective Order represents and warrants that he or she is legally competent and fully authorized to execute this Stipulated Protective Order on behalf of the party whose name appears at or above the signatory's signature.

**19.    Remedies**

This Stipulated Protective Order may be enforced by the sanctions set forth in Fed. R. Civ. Pro. 37(b), and/or any other sanctions as may be available to the Court. All other remedies available to any person injured by a violation of this Stipulated Protective Order are fully reserved.

Dated: January 8, 2021
      New York, New York

_____  
Corey R. Greenwald  
Laura L. Gongaware  
CLYDE & CO US LLP  
*Attorneys for Defendant Ballard Marine,*  
*LLC and Ballard Marine Construction, LLC*  
The Chrysler Building  
405 Lexington Avenue, 16th Floor  
New York, New York 10174  
Tel: (212) 710-3900  

_____  
Thomas M. Canevari  
Michael J. Dehart  
Freehill, Hogan & Mahar  
*Attorneys for Defendant Resolve Marine Services, Inc. and Resolve Marine Group, Inc.*  
80 Pine Street  
New York, New York 10005  
Tel: (212) 425-1900  

_____  
Timothy F. Schweitzer  
Hoffman & Schweitzer  
*Attorneys for Plaintiff Mark Ryan*  
212 West 35th Street  
New York, New York 10005  
Tel: (212) 465-8850  

_____  
Aviva Stein  
Nicholas R. Napoli  
Wilson, Elser, Moskowitz, Edelman & Dicker LLP  
*Attorneys for Defendant Tappan Zee Constructors, LLC*  
1133 Westchester Avenue  
White Plains, New York 10604  
Tel: (914) 872-7790  

**SO ORDERED:**

_____  
**HON. NELSON S. ROMÁN**  
**UNITED STATES DISTRICT COURT JUDGE**

Dated: __January 13, 2021__  
           White Plains, NY

| | |
|---|---|
| Corey R. Greenwald<br>Laura L. Gongaware<br>CLYDE & CO US LLP<br>*Attorneys for Defendant Ballard Marine,*<br>*LLC and Ballard Marine Construction, LLC*<br>The Chrysler Building<br>405 Lexington Avenue, 16th Floor<br>New York, New York 10174<br>Tel: (212) 710-3900 | Timothy F. Schweitzer<br>Hoffman & Schweitzer<br>*Attorneys for Plaintiff Mark Ryan*<br>212 West 35th Street<br>New York, New York 10005<br>Tel: (212) 465-8850 |
| Thomas M. Canevari<br>Michael J. Dehart<br>Freehill, Hogan & Mahar<br>*Attorneys for Defendant Resolve Marine*<br>*Services, Inc. and Resolve Marine Group,*<br>*Inc.*<br>80 Pine Street<br>New York, New York 10005<br>Tel: (212) 425-1900 | */s/ Aviva Stein*<br>Aviva Stein<br>Nicholas R. Napoli<br>Wilson, Elser, Moskowitz, Edelman & Dicker LLP<br>*Attorneys for Defendant Tappan Zee*<br>*Constructors, LLC*<br>1133 Westchester Avenue<br>White Plains, New York 10604<br>Tel: (914) 872-7790 |

**SO ORDERED:**


_____                Dated: _____
**HON. NELSON S. ROMÁN**
**UNITED STATES DISTRICT COURT JUDGE**

## EXHIBIT A

## DECLARATION REGARDING RECEIPT
## OF CONFIDENTIAL INFORMATION

I, _____, declare that:

1. My address is _____
_____, and the address of my present employer is _____
_____.

2. My present occupation or job description is _____
_____.

3. My present relationship to plaintiffs/defendants is _____
_____.

4. I have received a copy of the Stipulated Protective Order (the "Protective Order") in this action.

5. I have carefully read and understand the provisions of the Protective Order, agree to be bound by it and specifically agree I will not use or disclose to anyone any of the contents of any Confidential Information received under the protection of the Protective Order.

6. I understand that I am to retain all copies of any of the materials that I receive that have been so designated as Confidential Information in a container, cabinet, drawer, room or other safe place in a manner consistent with the Stipulated Protective Order and that all copies are to remain in my custody until I have completed my assigned or legal duties. I will destroy or return to counsel all confidential documents and things that come into my possession. I acknowledge that such return or the subsequent destruction of such materials shall not relieve me from any of the continuing obligations imposed upon me by the Stipulated Protective Order.

7. I understand that the use of Confidential Information in any manner contrary to the provisions of the Stipulated Protective Order may subject me to sanctions of the Court for contempt.

8. I hereby irrevocably submit to the jurisdiction of the Court where this action is pending for the purpose of enforcing the Stipulated Protective Order and the obligations I am undertaking by executing this declaration.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this _____ day of _____, 20__, in the State of _____.

_____
Signature

Witness:
Print Name:
Date:

2