USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/10/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARK RYAN,

                Plaintiff,

      V.

BALLARD MARINE, LLC,
BALLARD MARINE CONSTRUCTION, LLC,
TAPPAN ZEE CONSTRUCTORS, LLC,
RESOLVE MARINE SERVICES, INC., and
RESOLVE MARINE GROUP, INC.,

                Defendants.

7:20-CV-01889 (NSR)[1]

AMENDED OPINION & ORDER

NELSON S. ROMÁN, United States District Judge:

Plaintiff Mark Ryan (the "Plaintiff") brings this action under the common law, the Longshore and Harbor Workers' Compensation Act (the "LHWCA"), and the New York Labor Law ("NYLL") against Ballard Marine, LLC, Ballard Marine Construction, LLC, Tappan Zee Constructors, LLC, Resolve Marine Services, Inc., and Resolve Marine Group, Inc. (collectively, the "Defendants"). Plaintiff claims that Defendants (1) furnished him with an unseaworthy vessel; (2) committed acts of negligence; (3) owe him compensation under the LHWCA; and (4) violated various sections of the NYLL. As of June 7, 2023, the parties have settled all claims except for one related to contractual indemnity between Defendant Resolve Marine Services, Inc., and Defendant Resolves Marine Group Inc.'s (hereinafter "Resolve") and Tappan Zee Contractors

---

[1] This Amended Opinion & Order shall supersede the Court's Opinion & Order of March 19, 2025. (ECF No. 108.) The Court was made aware that the claims addressed in the Court's Opinion & Order of March 19, 2025 had been previously settled, and are therefore, moot. This Amended Opinion & Order addresses the only pending claims before the Court related to contractual indemnity. The Court vacates its Opinion & Order of March 19, 2025, which shall have no precedential value.

(hereinafter "TZC") and another between TZC and Ballard Marine, LLC and Ballard Marine

Construction, LLC (hereinafter "Ballard"). (ECF No. 95.)

Presently before the Court is Defendant Resolve's motion for summary judgment against

TZC on a claim for contractual indemnity. TZC also similarly moves for summary judgment on a

claim for contractual indemnity against Ballard. For the following reasons, the Court GRANTS

Resolve's motion for contractual indemnity against TZC and GRANTS TZC's motion for

contractual indemnity against Ballard.

## BACKGROUND

This dispute arises out of a construction accident related to demolition of the Tappan Zee

Bridge. Defendants were contracted to assist with demolition of a portion of the Tappan Zee Bridge

called the East Anchor Span ("EAS"). TZC acted as the general contractor on the project and the

other Defendants were subcontractors. Plaintiff was an employee of Ballard which was contracted

to provide commercial diving services related to the EAS. Resolve was also contracted by TZC to

perform salvage services on the EAS.

Resolve created the demolition plan for the EAS where the structure would be toppled into

the Hudson River using explosives and then removed from the Hudson using a submersible barge.

Prior to the demolition, Resolve laid out several chains between two barges that were located on

either side of the EAS. When the EAS fell, it was cradled and left suspended in a "chain basket"

created by the chains that were strung from either barge. The chains were then tightened to partially

lift the EAS out of the water so that commercial divers could then dive below the surface and sheer

off hanging debris to allow the remaining structure to be hauled away safely. Plaintiff was one of

those divers contracted to perform sheering work.

On May 20, 2019, Plaintiff was performing sheering work while diving next to the EAS. Plaintiff cut a lateral beam from the EAS and then placed his hand on the spot of the cut to confirm its removal. Plaintiff's hand was caught on a pinchpoint between the EAS and the barge, which severed several of his fingers. The barges were owned by TZC but manned by employees of Ballard at the time of the accident.

## PROCEDURAL HISTORY

Plaintiff filed this action on March 3, 2020 alleging violations of the common law, the LHWCA, and the NYLL. (ECF No. 1.) Pursuant to the Court's order on October 4, 2022 (ECF No. 78), a full round of summary judgment briefing was filed on October 7, 2022. (ECF Nos. 79-94.) On June 7, 2023, the Court received a status report from the parties that they had reached a settlement agreement. (ECF No. 95.) Following that status report, the Court issued an order rendering the motion for summary judgment moot. (ECF No. 96.) On April 24, 2024, TZC filed another status report informing the Court that the parties had failed to reach a settlement agreement. (ECF No. 100.) On May 6, 2024, the Court issued an order directing the parties to re-file all summary judgment papers on or before May 28, 2024. (ECF No. 101.) On May 24, 2024, Defendant Resolve re-filed their summary judgment papers. (ECF Nos. 102-105.) No other party filed motion papers per the Court's May 6, 2024 order. On February 25, 2025, the Court notified the parties that the Court was in receipt of Resolve's motion papers, but that no other party had re-filed their papers as previously directed. In its correspondence with the parties, the Court provided one last opportunity to re-file any motion papers that were to be considered and informed the parties that they had until February 27, 2025 to do so. On February 27, 2025, TZC re-filed their motion papers for summary judgment. As of the date of this opinion there have been no oppositions filed in response to either TZC or Resolve's motion for summary judgment.

**LEGAL STANDARDS**

Under Federal Rule of Civil Procedure 56(c), summary judgment must be granted if "there is no genuine issue of material fact and ... the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 n. 4 (1986). "[G]enuineness runs to whether disputed factual issues can reasonably be resolved in favor of either party, [while] materiality runs to whether the dispute matters, i.e., whether it concerns facts that can affect the outcome under the applicable substantive law." *Mitchell v. Washingtonville Cent. Sch. Dist.*, 190 F.3d 1, 5 (2d Cir. 1999) (internal quotations and citations omitted). In order to prove that a genuine issue of material fact exists, a plaintiff "may not rest upon the mere allegations or denials of the pleading[s]," but must by affidavit or otherwise "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). "Conclusory statements, conjecture or speculation by the party resisting the motion will not defeat summary judgment." *Kulak v. City of New York*, 88 F.3d 63, 71 (2d Cir. 1996).

Courts must resolve all ambiguities and draw all reasonable factual inferences in favor of the non-moving party. *See Nora Beverages, Inc. v. Perrier Group of Am., Inc.*, 164 F.3d 736, 742 (2d Cir. 1998). The moving party bears the initial burden of demonstrating an absence of genuine issues of material fact. *See Schwapp v. Town of Avon*, 118 F.3d 106, 110 (2d Cir. 1997). If the initial burden is met, the non-moving party "must produce specific facts indicating that a genuine issue of fact exists. If the evidence [presented by the non-moving party] is merely colorable, or is not significantly probative, summary judgment may be granted." *Scotto v. Almenas*, 143 F.3d 105, 114 (2d Cir. 1998) (internal quotations and citations omitted) (alteration in original).

4

**DISCUSSION**

**Resolve's Indemnity**

Resolve and TZC entered into a contract (the "Resolve contract") governing the scope of work that Resolve would perform related to the EAS project. The Resolve contract included a section on indemnification and insurance. Section 28.4 of the Resolve contract provides that, to the fullest extent permitted by law, TZC will indemnify and hold harmless each Contractor Group Indemnitee from any losses arising out of the bodily injury or death, or property damage or loss, of any Company Group Indemnitee. And according to Section 28.4, "Company Group Indemnitee" includes any contractors and other invitees on site at the Company's request. Section 28.2 further clarifies that "Company Group Indemnitee" includes "Contractor [Resolve] and its Affiliates." Because the injury falls squarely within the scope of the indemnity coverage provided by Section 28.4 of the Resolve contract—i.e, "bodily injury or death … of any Company Group Indemnitee arising out of, related to or in connection with this Contract"—Resolve is indemnified by TZC. Accordingly, Resolve is indemnified by TZC for losses as outlined by Section 28.1 of the Resolve contract.

**TZC's Indemnity**

TZC and Ballard, similarly, entered into a contract (the "TZC contract") governing the scope of work that would be provided on the EAS project. The TZC contract also included a section on indemnification and insurance. Section 28.1 of the TZC contract provides that Ballard agrees to indemnify TZC from any liability. Specifically, Section 28.1.3 provides that Ballard will indemnify TZC from any losses from injury or death arising out of work performed related to the TZC contract or resulting from any acts or omissions of Ballard. Because the injury falls within the scope of the indemnity coverage provided by Section 28.1.3 in that it was work related

5

to the scope of work outlined in the TZC contract, as well as possible omissions on the part

Ballard, TZC is indemnified by Ballard. Accordingly, TZC is indemnified by Ballard for losses

as outlined by Section 28.2 of the TZC contract.

## CONCLUSION

For the above reasons, the Court GRANTS Resolve's motion for summary judgment

related to a claim for indemnification against TZC. The Court also GRANTS TZC's motion for

summary judgment related to a claim for indemnification against Ballard. As the Court ordered in

footnote 1, its Opinion & Order of March 19, 2025 (ECF 108) is vacated and shall have no

precedential value. The Clerk of Court is directed to enter judgment as indicated above and

terminate the action.

SO ORDERED.

Dated:   April 10, 2025
         White Plains, New York

_____
          NELSON S. ROMÁN
        United States District Judge